IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEELAND R. BARNHART, JR, <br><br> Petitioner, <br><br> v. <br><br> COMMONWEALTH OF PENNSYLVANIA, THE ATTORNEY GENERAL OF PENNSYLVANIA, (MR. BARKER); DISTRICT ATTORNEY FOR GREENE COUNTY, COMMISSIONER OF THE PENNSYLVANIA STATE POLICE, <br><br> Respondents. | 2:22-CV-01026-CCW |

## **MEMORANDUM ORDER**

This case has been referred to United States Magistrate Judge Maureen P. Kelly for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(l)(A) and (B), and Local Rule of Civil Procedure 72.

On June 20, 2023, the Magistrate Judge issued a Report, ECF No. 27, recommending that Respondents' Motion to Dismiss for Lack of Timely Filing, ECF No. 11, be granted and that Mr. Barnhart, Jr.'s Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus, ECF No. 3, be dismissed as untimely. The Magistrate Judge further recommended that a certificate of appealability be denied. ECF No. 27 at 11. Service of the Report and Recommendation ("R&R") was made on the parties, and Mr. Barnhart, Jr. has filed Objections to which Respondents have responded. *See* ECF Nos. 28, 30, 31.

After a *de novo* review of the pleadings and documents in the case, together with the R&R, the Objections, and the responses, the following Order is entered: Respondents' Motion to

Dismiss, ECF No. 11, is **GRANTED**; Mr. Barnhart, Jr.'s Habeas Petition is **DISMISSED** as untimely; a certificate of appealability is **DENIED**; and the R&R, ECF No. 27, is adopted as the Opinion of the District Court.[1]

IT IS SO ORDERED.

DATED this 23rd day of August, 2023.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record

cc (via United States mail):

Leeland R. Barnhart, Jr. (pro se)
629 Smithfield/Masontown Road
Smithfield, PA 15478

---

[1] In his Objections, Mr. Barnhart, Jr., *pro se*, raised for the first time "actual innocence," apparently referencing a recognized exception to the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). *See Reeves v. Fayette SCI*, 897 F.3d 154, 160 (3d Cir. 2018) (discussing the actual-innocence exception). The Court ordered Respondents to respond to that objection, which they did on August 3 and 4, 2023. ECF Nos. 30, 31. In brief, the Court agrees with Respondents that the actual innocence exception is unavailable to Mr. Barnhart, Jr. First, Mr. Barnhart, Jr. forfeited any reliance on the exception by failing to raise it until an objection to the Magistrate Judge's Report and Recommendation. *See Jimenez v. Barnhart*, 46 F. App'x 684, 685 (3d Cir. 2002). Second, even if Mr. Barnhart, Jr. had timely raised the issue, there is nothing in the record to support the exception's applicability because he has not pointed to "new, reliable evidence" of his innocence. *Reeves*, 897 F.3d at 160–61. Instead, his arguments pertain to asserted defects in the underlying state court proceedings.